# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        **Plaintiff,**<br><br>        v.<br><br>KEVIN CHISM,<br><br>        **Defendant.** | Case No.  07-20099-JWL<br>               11-02391-JWL |

## MEMORANDUM AND ORDER

Defendant Kevin Chism pled guilty to conspiracy to distribute marijuana and cocaine, use of a communication facility in causing the commission of felonies, and possession with intent to distribute cocaine. In preparation for sentencing, the probation office issued a presentence report. The report set Mr. Chism's base offense level at 38 under U.S.S.G. § 2D1.1 for at least 4.5 kilograms of crack cocaine, which was based on the quantity of crack cocaine estimated to have been manufactured by Mr. Chism and/or his purchasers from the sixteen-plus kilograms of cocaine powder he bought from his supplier. In addition, the report granted Mr. Chism a three-level reduction for acceptance of responsibility, yielding a total offense level of 35. A total offense level of 35, together with a criminal history category of III, resulted in a Guidelines range of 210 to 262 months imprisonment. Mr. Chism received a 235-month prison sentence. He then filed a direct appeal to the Tenth Circuit (doc. 672). His conviction was

affirmed. Mr. Chism has now filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 867). For the reasons discussed below, that motion is denied.

**1.     Standard**

Section 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. The court must hold an evidentiary hearing on a section 2255 motion "'[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting § 2255). A court need not grant an evidentiary hearing where the factual allegations are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also United States v. Sanchez*, No. 96-7039, 1997 WL 8842, at *3 (10th Cir. 1997) ("[D]efendant's conclusory allegations . . . which contradict the record made at the plea hearing, were insufficient to require an evidentiary hearing.").

**2.     Ineffective Assistance of Counsel**

To obtain relief under § 2255 on the grounds of ineffective assistance of counsel,

a petitioner must establish that his attorney's performance was deficient as compared to an objective standard of reasonable performance. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). "In applying this test, we give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Bullock v. Carver*, 297 F.3d 1036, 1044 (10th Cir. 2002) (quoting *Strickland*, 466 U.S. at 690). As the one raising the challenge, the petitioner "bears the burden of establishing that his trial counsel 'made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Sallahdin v. Mullin*, 380 F.3d 1242, 1247-48 (10th Cir. 2004) (quoting *Strickland*, 466 U.S. at 687).

The petitioner must also prove that counsel's deficient performance prejudiced his defense, "depriving him of a fair trial with a reliable result." *United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006) (citing *Strickland*, 466 U.S. at 687). Thus, to satisfy the prejudice prong, the petitioner must show that there is a reasonable probability that but for counsel's alleged errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Because the petitioner "must demonstrate both *Strickland* prongs to establish his claim, a failure to prove either one is dispositive." *Orange*, 447 F.3d at 796-97 (citing *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000)). "The performance component need not be addressed first." *Smith*, 528 U.S. at 286 n.14. "If it is easier to dispose of an

3

ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697; *see also Romano v. Gibson*, 239 F.3d 1156, 1181 (10th Cir. 2001) ("This court can affirm the denial of habeas relief on whichever *Strickland* prong is the easier to resolve.").

Mr. Chism contends that his attorney was ineffective on two grounds: failure to advance a "reasonably foreseeable" argument and failure to raise a *Booker* argument.

*A.    Ground 1 - "Reasonably Foreseeable"*

Mr. Chism maintains that his attorney was ineffective for failing to advance a "reasonably foreseeable" argument. According to Mr. Chism, "pursuant to [U.S.S.G. §] 1B1.3 (relevant conduct) the fact that petitioner 'simply being aware of conduct of others criminal activity does not make petitioner reasonably foreseeable in connection with that criminal activity'" (doc. 867, at 4). Based on this reasoning,[1] Mr. Chism contends that

---

[1] Mr. Chism misstates the reasonably foreseeable standard as it relates to his sentencing. As explained by the Tenth Circuit in Mr. Chism's appeal,

> With specific regard to the type of drug used to determine a defendant's relevant conduct, "[i]n the aftermath of *Booker*, we have routinely permitted a district court to enhance a defendant's sentence using uncharged conduct proven to the court by a preponderance of the evidence." *United States v. Rodriguez–Felix*, 450 F.3d 1117, 1131 (10th Cir. 2006). In that respect, we have upheld the use of crack cocaine to calculate a defendant's sentence under the Guidelines when it was 'reasonably foreseeable' or the defendant otherwise intended that powder cocaine would be converted to cocaine base." *See United States v. Angulo–Lopez*, 7 F.3d 1506, 1511–12 (10th Cir. 1993), *superceded on other grounds by United States v. Kissick*, 69 F.3d 1048, 1053 (10th Cir. 1995).

(continued...)

4

his attorney was ineffective for failing to object to the court's calculation of his sentence based on quantities of crack cocaine instead of cocaine.

Mr. Chism's account of his sentencing misstates the record. Prior to sentencing, Mr. Chism's attorney filed an objection to the presentence report. His attorney argued that the defendant "should be sentenced based on powder cocaine and not crack cocaine" because "the defendant should not be held accountable for what his customers may have done with the cocaine after he sold it to them" (doc. 565, at 13-15). At sentencing, Mr. Chism's attorney expressed concern that his client had participated in an unsuccessful proffer, and based on the proffer agreement signed by his client, evidence obtained from the proffer might be used against him should he present evidence on his behalf at sentencing (doc. 746, at 31-32). The government responded that so long as the defendant "just holds the government to its burden he's not presenting evidence" and, thus, not exposing himself to the evidence offered in the proffer (*id.* at 33). At the request of the parties, the court examined the proffer agreement. The court concluded that under the terms of the agreement, should the defendant present evidence contrary to what he had previously told the government, evidence offered during the proffer could be used against him (*id.* at 33-34). Mr. Chism's attorney then rephrased his previously submitted objection by asking the court to hold the government to the burden of proving the amount of crack attributed to the defendant (*id.* at 107-08). The court overruled the

---

[1](...continued)
*United States v. Chism*, 396 Fed. App'x 509, 514 (10th Cir. 2010).

objection, stating

> [f]rankly, it does not matter legally whether the crack was made by Mr. Chism and then sold as crack to his customers or whether Mr. Chism was selling powder cocaine to customers that he knew were converting it into crack. Legally, that's the same consequence. Even though it may seem different to a person who is doing it, it is the same legally . . . .

(*id.* at 108-09). Based on the evidence presented by the government, the court concluded that the defendant was involved "in the business of selling crack cocaine and/or powder cocaine, [and] he knew full well it was going to be prepared into crack" (*id.* at 109-10).

In evaluating the effectiveness of counsel, "we give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Bullock*, 297 F.3d at 1044 (quoting *Strickland*, 466 U.S. at 690).

Here, contrary to Mr. Chism's account, the record shows that his attorney objected to the attribution of crack cocaine to his client (doc. 565, at 13-15; doc. 746, 107-08). In addition, although Mr. Chism's attorney did not present evidence in support of his objection, the record shows this decision to be reasonably calculated to avoid exposing his client to unfavorable proffer evidence. Thus, Mr. Chism cannot show that his attorney's performance was deficient as compared to an objective standard of reasonable performance. *See Strickland*, 466 U.S. at 687-88, 694.

For these reasons, Mr. Chism cannot demonstrate that his attorney's failure to pursue a "reasonably foreseeable" argument provides a basis for § 2255 relief.

*B.     Ground 2 -* Booker

Although unclear, it seems that Mr. Chism is arguing that the court committed a violation under *United States v. Booker*, 543 U.S. 220 (2005) when considering his role in the distribution of crack cocaine as relevant conduct at sentencing. Specifically, Mr. Chism maintains that his attorney's failure to make a *Booker* argument "allowed [him] to be sentenced over his statutory maximum" (doc. 867, at 7).

*Booker* requires that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 244. The court commits a *Booker* violation when it relies on judge-found facts, other than those of prior convictions, to enhance a defendant's sentence mandatorily. *United States v. Gonzalez-Huerta*, 403 F.3d 727, 731 (10th Cir. 2005). The Tenth Circuit clarifies that "it is the actual sentence, not the sentencing range, that must not be increased based upon judge-found facts in order to violate the Sixth Amendment." *United States v. Yazzie*, 407 F.3d 1139, 1145 (10th Cir. 2005).

Here, Mr. Chism pled guilty to conspiracy to distribute 1000 kilograms or more of marijuana and 5 kilograms or more of cocain, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(vii), and (b)(1)(A)(ii) (doc. 81, at 1-2). That violation carries a statutory maximum of life imprisonment. 21 U.S.C. § 841(b)(1)(A). Mr. Chism's

sentence of 235 months does not exceed the statutory maximum and, thus, does not violate *Booker*. Consequently, Mr. Chism cannot establish that he suffered prejudice from his counsel's failure to raise the argument.

For these reasons, Mr. Chism cannot demonstrate that his attorney's failure to raise a *Booker* argument provides a basis for § 2255 relief.

*C.     Evidentiary Hearing*

Because Mr. Chism's arguments are contradicted by the record or inherently incredible, his request for an evidentiary hearing is denied. *See Arredondo*, 178 F.3d at 782.

## 3.     Certificate of Appealability

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). For the reasons stated above, Mr. Chism has not made a substantial showing of the denial of

---

[2] The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

8

a constitutional right.  The court therefore denies a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (doc. 867) is denied.

**IT IS SO ORDERED** this 17th day of November, 2011.

s/ John W. Lungstrum

John W. Lungstrum

United States District Judge