**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

**United States of America,**

**Plaintiff,**

**v.** **Case No. 07-20099-06-JWL**

**Kevin Chism,**

**Defendant.**

**MEMORANDUM & ORDER**

In May 2009, Kevin Chism pled guilty to three counts of drug trafficking, including conspiracy to distribute marijuana and cocaine; attempted possession with intent to distribute cocaine; and the use of a communication facility to facilitate a drug trafficking crime. In Mr. Chism's presentence investigation report, the probation officer calculated Mr. Chism's base offense level at 38 under U.S.S.G. § 2D1.1 for at least 4.5 kilograms of crack cocaine. Based on Mr. Chism's acceptance of responsibility for the offenses charged, the probation officer included a three-level reduction, for a total offense level of 35. Finally, the probation officer assigned a criminal history category of III, resulting in a guidelines range of 210 months to 262 months imprisonment. Ultimately, the court sentenced Mr. Chism to concurrent mid-point sentences of 235 months imprisonment on the conspiracy and possession counts and a concurrent sentence of 48 months imprisonment on the communication count. On appeal, Mr. Chism challenged both the procedural and substantive reasonableness of his sentences and the Tenth Circuit affirmed.

In October 2011, this court entered an order reducing Mr. Chism's sentence to 188 months based on the parties' agreement that Mr. Chism was eligible for a reduction under 18

U.S.C. § 3582(c) in light of Amendment 750 and, more specifically, the retroactive reduction from level 38 to level 36 for those offenses involving between 2.8 and 8.4 kilograms of cocaine base. Applying Amendment 750 to Mr. Chism's case, the parties agreed that Mr. Chism's amended base offense level was 36 and his amended total offense level was 33. The amended guidelines range, then, was 168 months to 210 months.

This matter is before the court on Mr. Chism's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in which he asks the court to reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines which took effect on November 1, 2014 and lowers the base offense levels in the Drug Quantity Table. Under the amended guidelines, Mr. Chism's base offense level for 4.5 kilograms of cocaine base is 34 under § 2D1.1 and, with the three-level reduction, his total offense level is 31. With a criminal history category of III, his amended guideline range is 135 months to 168 months imprisonment. In his motion for reduction, Mr. Chism requests that the court again resentence him to the mid-point of the amended range, or 151 months. In response, the government opposes the motion on the grounds that the record developed at Mr. Chism's original sentencing hearing is sufficient for the court to find that at least 8.4 kilograms of cocaine base was attributable to Mr. Chism such that his base offense level remains a 36 (which, after Amendment 782, includes those offenses involving at least 8.4 kilograms of cocaine base but less than 25.2 kilograms of cocaine base).

Following the Supreme Court's decision in *Dillon v. United States*, 560 U.S. 817 (2010), the Tenth Circuit has recognized that § 3582(c)(2) "prescribes a two-step inquiry for determining whether a defendant is entitled to have his originally-imposed sentence reduced: the first question, a matter of law, is whether a sentence reduction is even *authorized*; the second

question, a matter of discretion, is whether an authorized reduction is in fact *warranted*." *United States v. White*, 765 F.3d 1240, 1245 (10th Cir. 2014) (emphasis in original). In determining whether a sentence is warranted, the district court must "consider the § 3553(a) sentencing factors, including the nature, seriousness, and circumstances of the offense, the history and characteristics of the defendant, the need to protect the public from further crimes of the defendant, and any threat to public safety." *United States v. Meridyth*, 573 Fed. Appx. 791, 794 (10th Cir. 2014) (citations omitted).

The court rejects the government's argument that the court, based on the evidence set forth at Mr. Chism's sentencing hearing, should find that Mr. Chism is responsible for at least 8.4 kilograms of cocaine base. As noted by the government, at the time of that sentencing, the threshold amount of cocaine base necessary for Mr. Chism's base offense level of 38 was 4.5 kilograms or more of cocaine base, so it was only necessary for the court to determine whether that threshold was met. The court found that the evidence "overwhelmingly" supported that finding and further indicated that the amount was "very conservative" and that it was "clear" that the actual quantity of crack was greater than the 4.5 kilograms. Nonetheless, while there may have been evidence to support a finding that Mr. Chism was responsible for at least 8.4 kilograms of cocaine base, the government did not ask the court to make that finding. Moreover, the government did not object to the 4.5 kilogram figure calculated in the presentence report and there are no factual findings in the PSR, adopted by the court, specifically linking Mr. Chism to 8.4 kilograms of cocaine base. *See United States v. Battle*, 706 F.3d 1313, 1319 (10th Cir. 2013) (when a sentencing court finds that the defendant had "at least" the minimum amount of cocaine base that would place him in certain base offense level, the court is not bound in §

3582(c) proceedings to that drug quantity and may look to previous findings, including any portions of a PSR adopted by the sentencing court). Thus, the court is not persuaded that, under the circumstances, it is appropriate to make supplemental drug quantity calculations in connection with Mr. Chism's § 3582(c) motion and it is required, then, to err on the side of caution. *Battle*, 706 F.3d at 1320 (quoting United *States v. Higgins*, 282 F.3d 1261, 1280 (10th Cir. 2002)).

While the government challenges whether a reduction in this case is authorized, it does not dispute that a reduction is warranted if Mr. Chism is deemed eligible. And there is nothing in the record before the court indicating that a reduction in this case is not warranted. The court concludes, then, that a reduction is warranted and, consistent with its practice and Mr. Chism's request, will resentence Mr. Chism to the mid-point of the amended range as it did in connection with Mr. Chism's original sentence and his resentencing in light of Amendment 750.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Chism's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 984) is **granted as described herein** and Mr. Chism's sentence is **reduced from 188 months to 151 months imprisonment**. All other provisions of the judgment dated December 18, 2009 shall remain in effect.

**IT IS SO ORDERED.**

Dated this 3rd day of September, 2015, at Kansas City, Kansas.

**Effective Date:  November 1, 2015**.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

.